IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, for the use of MIDSOUTH PAVING, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:22cv314-MHT (WO) |
| PROVISION CONTRACTING SERVICES, LLC, as Obligor, et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER

This case, filed pursuant to the Miller Act, 40 U.S.C. § 3133, is before the court for consideration of attorney R. Brooke Lawson's motion to withdraw as attorney for defendants Provision Contracting Services, LLC and Nicholas Dowdell.  Attorney Lawson asserts that he has been unable to communicate effectively with his clients for purposes of representation and therefore seeks to withdraw.

Attorney Lawson's withdrawal request presents the question whether Provision Contracting, as a limited

liability company or LLC, may proceed in this case without counsel. In *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, the Supreme Court wrote that, based on a "rationale" that "applies equally to all artificial entities," "courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." 506 U.S. 194, 202 (1993). Because limited liability companies are also "artificial entities," they may not appear in federal court otherwise than through a licensed attorney. *See United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) ("a limited liability company ..., like a corporation, cannot litigate in a federal court unless it is represented by a lawyer"); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("a limited liability company ... may appear in federal court only through a licensed attorney"). Therefore,

2

the court concludes that, because Provision Contracting is a limited liability company, it may not proceed in this case without counsel.

"The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one." *Hagerman*, 549 F.3d at 538 (citations omitted). If the litigant does not find new counsel, the court may then dismiss the case when the litigant is a plaintiff or may enter a default judgment against the litigant when it is a defendant. *See id*. Here, Provision Contracting is a defendant.

"The policy reasons for allowing default judgments are basically the same now as they were in the early days of English and American practice." § 2681 History and Policy of Default Judgments, 10A Fed. Prac. & Proc. Civ. § 2681 (4th ed.) (2016). "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the

diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.* (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). As a result, "a party who has filed a responsive pleading or otherwise defended still may be found in default for noncompliance with the rules at some later point in the action." § 2682 Entry of Default Under Rule 55(a), 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.) (2016). And, as the Third Circuit Court of Appeals has explained, a district court has the discretion to "impose[] a default judgment against the defendants for failure to comply with its own unambiguous orders to obtain substitute counsel." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992).

This court will, therefore, follow the above approach here by giving Provision Contracting a "reasonable opportunity," *Hagerman*, 549 F.3d at 538, to find a new lawyer and for that lawyer to make an

4

appearance. If a lawyer does not appear for Provision Contracting by then, plaintiff United States of America, for the use of Midsouth Paving, Inc., may file a motion for default judgment or to take other appropriate action.

\*\*\*

Accordingly, it is ORDERED that:

(1) Attorney R. Brooke Lawson's motion to withdraw as attorney for defendants Provision Contracting Services, LLC and Nicholas Dowdell (Doc. 29) is granted. Attorney Lawson shall ensure that said defendants receive notice of this order, and shall file with the court within 14 business days a report confirming such notice.

(2) Defendant Dowdell shall proceed pro se, that is, without counsel, unless new counsel appears for him.

(3) Defendant Provision Contracting Services, LLC shall have until May 22, 2023, to obtain new counsel

and to have new counsel file a notice of appearance. If defendant Provision Contracting Services, LLC fails to do so, plaintiff United States of America, for the use of Midsouth Paving, Inc., shall have until June 5, 2023, to file a motion for default judgment or to take other appropriate action, or to file a statement explaining how it otherwise plans to proceed against defendant Provision Contracting Services, LLC.

    DONE, this the 23rd day of March, 2023.

                                      /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**