IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, for the use of MIDSOUTH PAVING, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:22cv314-MHT (WO) |
| PROVISION CONTRACTING SERVICES, LLC, as Obligor, and NICHOLAS DOWDELL, as Guarantor, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

Plaintiff United States of America, for the use of Midsouth Paving, Inc. filed this lawsuit against defendants Provision Contracting Services, LLC, and Nicholas Dowdell asserting claims of breach of contract, account stated, and quantum meruit.* Jurisdiction is proper under 40 U.S.C. § 3133(b). The court previously entered default judgment against

_____

* Midsouth's complaint also stated a claim on payment bond against defendant United States Fire Insurance Company, which was settled by those parties and dismissed with prejudice. *See* Judgment (Doc. 28).

Provision at the request of Midsouth.  This cause is now before the court on Midsouth's motion for summary judgment against Dowdell.  Dowdell was given an opportunity to the respond to the motion, but he did not do so.  For the following reasons, the motion will be granted.

## I.   SUMMARY-JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether summary judgment should be granted, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. FACTS

The affidavit and exhibits submitted by Midsouth establish the following facts. Midsouth and Provision entered a credit agreement whereby Midsouth granted a credit account to Provision. Dowdell signed the credit agreement on behalf of Provision as Provision's authorized corporate representative and as its personal guarantor. Pursuant to the credit agreement, (a) Midsouth agreed to provide labor and/or materials to Provision on an open credit account; (b) Provision agreed to pay finance charges to Midsouth for any past-due invoices and to pay Midsouth's reasonable attorneys' fees and other legal expenses in case of default; and (c) Dowdell personally guaranteed Provision's obligations under the contract. Midsouth and Provision also entered into a subcontract agreement whereby Midsouth agreed to provide labor and/or materials to repair roads at Maxwell Air Force Base.

Midsouth finished all work requested by Provision under the agreement on or about November 11, 2021.

Provision failed to pay Midsouth's invoices as they came due and failed to pay the amounts due under the credit agreement.

At the time the lawsuit was filed, the total principal balance owed was $ 768,515.33.  This amount has since been paid by another party.

Under the credit agreement, a monthly finance charge of 1.5 % for past-due accounts applies. "The total amount of finance charges incurred as a result of the past due balance, up until the point at which said balance was paid by another party, was $ 161,388.22; after crediting payments by another party, the total amount of finance charges owed on this account is $114,903.55." Aff. of Kay Boosa (Doc. 43-1) at 1-2.

Additionally, due to Provision's and Dowdell's failure to pay, Midsouth hired a law firm for collection.  The credit agreement provides that, should Provision default and Midsouth hire a lawyer to collect payment, Provision agrees to pay Midsouth "a reasonable attorney's fee of thirty-three percent (33 %) of the

4

unpaid balance and interest from the date of the past due ... debt, plus any interest accrued to the date of judgment and costs of collection." Credit Agreement (Doc. 43-1 at 4). Midsouth requests attorneys' fees of $ 291,528.23 pursuant to this agreement, calculated by adding the unpaid principal balance owed of $ 768,515.33 plus the total finance charges owed of $ 114,903.55; the sum is then multiplied by 0.33 (33 %), which results in a fee amount of $ 291,528.23.

The court previously granted a default judgment against Provision in the amount of $ 406,431.78, plus court costs.

## III. DISCUSSION

For the reasons below, the court finds that there is no genuine dispute as to any material fact and Midsouth is entitled to judgment as a matter of law on its claim for breach of contract.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the

5

parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999)).

Midsouth has provided evidence establishing all elements of its claim for breach of contract. The credit agreement between Midsouth and Dowdell as the guarantor for Provision was a valid contract binding the parties. Midsouth performed under the contract by completing the services it was hired to provide. Provision did not pay the amounts due under the credit agreement, so Dowdell, as guarantor, was obligated to pay all amounts due by Provision to Midsouth. Dowdell breached the credit agreement by not doing so.

Midsouth has also proven damages. Under the credit agreement, Dowdell owes $ 114,903.55 in finance charges, plus attorneys' fees of $ 291,528.23, which the court finds reasonable. Adding the finance charges


of $ 114,903.55 and the $ 291,528.23 in attorneys' fees, the total due from Dowdell comes to $ 406,431.78.

Because Midsouth has established its claim for breach of contract, the court need not address the claims for account stated and quantum meruit.

An appropriate judgment will be entered.

DONE, this the 12th day of September, 2024.

                                         /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**